591 A.2d 1067

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**George WETTON, Appellee.**

Superior Court of Pennsylvania.

Argued March 20, 1991.

Filed May 22, 1991.

4

Andrea McKenna, Deputy Atty. Gen., Harrisburg, for Com., appellant.

Thomas C. Carroll, Philadelphia, for appellee.

Before CIRILLO, OLSZEWSKI, and CERCONE, JJ.

OLSZEWSKI, Judge:

The Commonwealth appeals the grant of a pretrial motion dismissing corrupt organization charges brought against George Wetton pursuant to 18 Pa.C.S.A. § 911(b)(3), (4). The Court of Common Pleas of Bucks County, Judge Edward G. Biester, Jr. presiding, granted Wetton's motion based upon 18 Pa.C.S.A. § 111, holding that Wetton's previous conspiracy conviction[1] in federal court based upon the same conduct which was the basis of the Commonwealth's charges, as well as the jury's inability to reach a verdict on a continuing criminal enterprise charge[2] in the federal court, created a double jeopardy bar under § 111.

The Commonwealth's appeal raises the following issues for our consideration. Is the prosecution attempted by the Commonwealth based on the same conduct by Wetton

1. 21 U.S.C.A. § 846.
2. 21 U.S.C.A. § 848.

which was the subject of the federal prosecution? If so, does each of the separate prosecutions require proof of a fact not required by the other, and is the state statute designed to prevent a substantially different harm than the federal statutes? Having examined the parties arguments, we hold that § 111 does bar the § 911(b)(4) corrupt organization conspiracy charge; however, it does not bar the § 911(b)(3) substantive corrupt organization charge. We therefore reverse the trial court's order on the substantive charge only.

The procedural and factual history of this case may be summarized as follows: Wetton was convicted in July 22, 1987, of conspiracy to violate federal drug trafficking laws under 21 U.S.C.A. § 846.[3] In the same proceeding, Wetton pled guilty to two counts of distributing methamphetamine under 21 U.S.C.A. § 841(a)(1). The federal indictment alleged that Wetton conspired with Kenneth Schwartz, Paul Heriegel, Russel Cummings, James Kirby, Nancy Kelly, Darlene Wetton, Donald Johnstone, and other persons unknown to distribute methamphetamine. The conspiracy was alleged to have occurred from January 1985 through December 1986. The jury was unable to reach any verdict on the charge of carrying on a continuing criminal enterprise (CCE), and a mistrial was declared. Subsequently, the United States Attorney sought and obtained leave to dismiss the CCE charge.

On June 30, 1989, the Sixth Statewide Investigating Grand Jury handed down a presentment recommending that charges be brought against a number of persons, including Wetton, under the corrupt organization statute, 18 Pa. C.S.A. § 911. The grand jury found that Wetton had engaged in a conspiracy to distribute, and had distributed, methamphetamine and phenyl–2–propanone (P2P) from early 1986 through February 1987. Roy Stocker, Albert Pontani, William Stearn, George Tucker, Kenneth Schwartz, Michael Caputo, Terry Leas, John Spadaccino, Barry Saltzburg, and Robert Kallaur were named as other members of

3. *United States v. Wetton,* E.D.Pa., Criminal No. 87–00144–01.

the corrupt organization. Pursuant to the grand jury presentment, the Attorney General's Office charged Wetton with one substantive and one conspiracy violation of the corrupt organizations statute; 18 Pa.C.S.A. § 911(b)(3), (4).

During the hearing of the pretrial motion for dismissal filed by Wetton, the Commonwealth stipulated that all of the predicate acts enumerated in the corrupt organizations information had been evidence of Wetton's federal drug conspiracy charge. The trial court granted Wetton's motion for dismissal, holding that the "charges in the State Case are identical to the scope of his conspiracy in the Federal case" (trial court opinion at 7), creating a double jeopardy bar to the Commonwealth's prosecution under 18 Pa.C.S.A. § 111. This timely appeal followed.

Separate prosecutions of conduct which constitutes an offense or offenses within the concurrent jurisdiction of this Commonwealth and the federal government, or this Commonwealth and the government of a sister state, are governed by 18 Pa.C.S.A. § 111. The double jeopardy bar imposed by § 111 allows two alternative paths via which a subsequent prosecution can proceed. First, if the Common-wealth can prove that the subsequent prosecution is based upon conduct different from that which gave rise to a prior prosecution by the federal or sister state authorities, § 111 does not bar the prosecution. *Commonwealth v. Abbott*, 319 Pa.Super. 479, 487, 466 A.2d 644, 649 (1983). Alternatively, if the Commonwealth's prosecution is based upon the same conduct as the prior prosecution, § 111 will not bar the subsequent action if each of the prosecutions require proof of a fact not required by the other *and* the Pennsylvania statute targets a substantially different harm or evil from that addressed by the other statute. *Id.* The Commonwealth must prove both elements of this second alternative to prevent § 111 from barring the subsequent prosecution. *Id.*

A pretrial motion to dismiss a criminal prosecution based upon a double jeopardy claim imposes certain proce-

dural burdens upon the Commonwealth. "[W]hen a defendant raises a non-frivolous *prima facie* claim that a prosecution may be barred under 18 Pa.C.S.A. § 111, the prosecution bears a burden to prove *by a preponderance of the evidence* either that the 'same conduct' is not involved, or that a *statutory exception* to the *statutory bar* on reprosecution applies." *Commonwealth v. Savage,* 388 Pa.Super. 561, 584, 566 A.2d 272, 284 (1989) (emphasis in original). In the case *sub judice,* the Commonwealth conceded that the same conduct which led to Wetton's federal conviction was the subject of the corrupt organizations charge.

> MR. BURFETE: I will represent that all of the predicate acts that are included in the Commonwealth's Bill of Information are predicate acts evidence of which was raised in the—in their federal charges and was evidence of the conspiracy of which Mr. Wetton was convicted in his federal case. I'm certainly not conceding that it is unnecessary to—and that the Commonwealth can't prove the other two prongs of the requirement.

> THE COURT: I understand that. But you are conceding that no fresh conduct, act, deed or declaration will be presented in this case in the state action.

> MR. BURFETE: That's correct. That is correct.

(Transcript, 2/28/90, at 7–8.) It is true that subsequently in the hearing the Commonwealth represented that it was not conceding that the same conduct was involved:

> MR. BURFETE: ... Now, I am not conceding that the subsequent prosecution is based on the same conduct that is [referring to the federal conviction]—as that is a legal definition. I am conceding that it is certainly the same deeds per the stipulation that we entered into here this morning. But then we get to the unless ... that the offense for which the defendant was formerly convicted or acquitted and the offense for which he is subsequently charged, each requires proof of a fact not required by the other. That's number one. Two, and the law defining each of such offenses is intended to prevent a substantially different harm or evil.

(Id. at 75–76.) The balance of the Commonwealth's argument addressed the twin elements of the exception to the bar of § 111 to subsequent prosecution for the same conduct: required proof of a fact unnecessary for conviction in the alternate prosecution and the intent of the separate statutes. (Id. at 76–83.) It was the Commonwealth's burden to prove, by a preponderance of evidence, that different conduct was involved to avoid application of § 111. *Savage, supra.* The Commonwealth presented no evidence or argument that the same conduct was not involved. Even while attempting to preserve the same conduct issue, the Commonwealth conceded that the same "deeds" were being prosecuted. As this "same conduct" argument was abandoned below, we will not resuscitate it here. Accordingly, the Commonwealth has not met its burden as to the "same conduct" issue under *Savage.*[4] Thus, our inquiry turns to a determination of whether the Commonwealth met its bur-

4. Both the Commonwealth and Wetton have argued that federal case law interpreting the interaction of RICO and the federal drug conspiracy statute are applicable to the state corrupt organization statute here. Of course, each cite cases supporting their divergent views on the "same conduct" issue. We will not address this argument as the Commonwealth has waived this issue. Further, it is not readily apparent that the Commonwealth could meet the burden of establishing that the prosecutions are not directed at the same conduct. *See, Abbott, supra,* 319 Pa.Super. at 492, 466 A.2d at 651 (the term "same conduct" as used in § 111 means "any and all criminal behavior committed in support of a 'common and continuing scheme.' "). Wetton's acts are arguably criminal behavior committed in support of a common, continuing scheme. Thus, were we to address this issue, the proper question would be whether Wetton's acts constitute the "same conduct" as discussed in *Abbott;* federal cases would be persuasive only to the extent that their rationale is consistent with the "common and continuing scheme" standard. The Commonwealth cites us to *Commonwealth v. Yacoubian,* 339 Pa.Super. 413, 419, 489 A.2d 228, 231 (1985), for the proposition that federal cases give guidance to interpretation of the corrupt organizations statute. This is true; however, the issue is whether the conduct at issue is "same conduct" under the test of § 111, not whether conduct is subject to prosecution under the corrupt organizations statute.

Finally, we note that much of the Commonwealth's argument on this point is equally applicable to show that different facts must be proven to show a violation of each statute and the two separate statutes target substantially different evils.

den as to proving the statutory exception to the statutory bar.

■ The inquiry as to whether each offense requires proof of a fact not required by the other offense is an inquiry into the necessary elements of the crimes involved. The second inquiry required is an examination of legislative intent. Both matters are issues of statutory construction. As such, the trial court's determination presents a question of law, not fact, and is subject to plenary review by this Court.

■ Initially, Wetton asserts that *Commonwealth v. Mascaro*, 260 Pa.Super. 420, 394 A.2d 998 (1978), requires dismissal of the corrupt organization charge brought here because the Commonwealth's interests have been adequately protected by the federal prosecution. We disagree. It is true that the *Mascaro* Court noted that where a previous federal prosecution has vindicated the Commonwealth's interests, a second prosecution is improper. *Id.*, 260 Pa.Superior Ct. at 426, 394 A.2d at 1001 (citations omitted). Nonetheless, the *Mascaro* Court did not merely hold that the Commonwealth's interest had been vindicated because a previous federal conviction based on the same conduct had occurred. Central to the determination that § 111 barred the subsequent prosecution in *Mascaro* was the Court's conclusion that the Federal Mail Fraud and False Statement statutes [5] were intended to prevent substantially the same evil as the Theft by Deception, Deceptive Business Practices, Unsworn Falsifications to Authorities, and Conspiracy state statutes.[6]

Further, the similar government interest analysis referred to in *Mascaro* is based upon the Pennsylvania Supreme Court's decision in *Commonwealth v. Mills*, 447 Pa. 163, 286 A.2d 638 (1971). *Mills* employs the "similar government interest test" as an analytical model when applying the dual sovereign exception to the constitutional prohibition against double jeopardy. *Id.*, 447 Pa. at 167–71,

5. 18 U.S.C.A. §§ 1001, 1341.
6. 18 Pa.C.S.A. §§ 903, 3922, 4107, 4904.

286 A.2d at 640–41. Such similar interest analysis is implicit in the *Abbott* Court's formulation of the § 111 inquiries. If the separate statutes are intended to prevent a substantially different harm or evil, than the statutes are meant to protect substantially different government interests. It is not enough to assert that both statutes are intended to prevent crime; therefore, a conviction obtained by one sovereign protects the interests of the sovereign with concurrent jurisdiction. An examination of the specific harm or evil targeted by the statute must be conducted, as the evil to be deterred is one of the pivotal considerations in the *Mills* interest analysis. *Commonwealth v. Grazier*, 481 Pa. 622, 630–33, 393 A.2d 335, 339–40 (1978).

The *Grazier* Court made it clear that it is not enough for the prosecution to show that the offense it wishes to prosecute in a subsequent action is a different offense from the one previously prosecuted. *Id.*, 481 Pa. at 630–33, 393 A.2d at 339–340. The *Mascaro* Court held this meant that all offenses which are part of the common and continuing scheme arise from the same conduct. *Mascaro, supra*, 260 Pa.Superior Ct. at 426, 394 A.2d at 1001. Nonetheless, to adopt Wetton's argument, that the prior prosecution of the same conduct automatically vindicates all the government interests involved, would write the statutory exception out of existence. We reconcile *Mascaro* and *Abbott* by holding that if the separate statutes satisfy the substantially different intent test announced in *Abbott*, subsequent prosecution based upon the separate statute is intended to protect a government interest which has not been vindicated by the prior prosecution.

## DRUG CONSPIRACY CONVICTION

 We now turn to the Commonwealth's assertions that it has met the dual prongs of the second *Abbott* alternative to lift the bar imposed by § 111. Wetton was convicted under the federal drug conspiracy law, which provides as follows:

Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offenses, the commission of which was the object of the attempt or conspiracy.

21 U.S.C.A. § 846. A § 846 conspiracy conviction requires proof that the accused willingly participated in a conspiracy to violate federal drug trafficking laws with the intent to further its illegal purpose; proof of an overt act in furtherance of the conspiracy is not required. *United States v. Garcia,* 655 F.2d 59, 62 (5th Cir.1981) (citations omitted).

The corrupt organization statute which is the basis of the prosecution at bar here provides, in relevant part:

(3) It shall be unlawful for any person employed by or associated with any enterprise to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

(4) It shall be unlawful for any person to conspire to violate any of the provisions of ... this subsection.

18 Pa.C.S.A. § 911(b)(3), (4). A violation of § 911(b)(3) requires proof that an enterprise exists, and that an individual is associated or employed by the enterprise and has conducted or participated in the enterprise's conduct or affairs via two or more acts of racketeering. *Commonwealth v. Lavelle,* 382 Pa.Super. 356, 362, 555 A.2d 218, 221 (1989). A violation of § 911(b)(4), based upon a conspiracy to violate § 911(b)(3), requires an agreement to violate § 911(b)(3) and an overt act in furtherance of that conspiracy.

It is clear that a conviction under the subsections of the corrupt organizations statute at issue here requires proof of the existence of an enterprise, as well as a pattern of racketeering activity [§ 911(b)(3) ] or a conspiracy to engage in such a pattern [§ 911(b)(4) ]. The existence of the criminal enterprise is immaterial to the federal drug conspiracy charge which was the subject of Wetton's prior conviction. Therefore, both § 911(b)(3) and (4) require proof of a fact

not needed to convict under 21 U.S.C.A. § 846. It is less clear that the drug conspiracy charge required proof of a fact not required under the corrupt organizations statute.

The racketeering acts alleged in the information brought against Wetton consist of conspiring to distribute controlled substances and thirteen instances of possession or delivery of controlled substances in violation of the Controlled Substance, Drug, Device and Cosmetic Act. (35 Pa.S.A. § 780–101 *et seq.*) To prove the pattern of racketeering activity necessary for the § 911(b)(3) conviction, the Commonwealth must prove that Wetton committed two or more acts which violate the state statute. (*See,* 18 Pa.C.S.A. § 911(h)(1)(ii), (iii), defining racketeering activities.) At his previous trial in federal court, the prosecution was required to prove that the conspiracy entered into by Wetton violated the federal drug trafficking laws (21 U.S.C.A. § 801 *et seq.*). The Commonwealth will be able to prove a pattern of racketeering activity without proof of Wetton's participation in the conspiracy. Proof of at least two instances of delivery and possession of the controlled substances will establish the necessary pattern.[7] Therefore, we hold that Wetton's previous conviction required proof of a fact not needed to prove the pattern of racketeering activity necessary to support the prosecution of the substantive corrupt organizations count at issue here.

We reach a different conclusion as to the corrupt organizations conspiracy count. The information alleges that Wetton conspired with others to facilitate a corrupt enterprise as well as at least one overt act to further the conspiracy. We note that, had Wetton conspired to commit acts other than drug trafficking, the Commonwealth would need to prove a conspiracy beyond the scope of the drug trafficking conspiracy proven in the federal proceeding. Nonetheless, the Commonwealth has not alleged that the scope of this corrupt organization conspiracy in which Wetton participated extends beyond drug trafficking. Rather,

---

7. Delivery of controlled substances in violation of Title 35 Pa.C.S.A. is a racketeering activity. *See,* 18 Pa.C.S.A. § 911(h)(1)(ii), (iii).

the Commonwealth's allegation is that the drug conspiracy doubled as a conspiracy to further a racketeering enterprise.[8] Whether the conspiracy to violate the drug laws is also a conspiracy to violate the corrupt organizations statute is a legal conclusion to be drawn from the facts, not a separate fact. Therefore, while it is true that the Commonwealth must prove an overt act which was not necessary for the federal prosecution, there is no fact required to prove the federal drug conspiracy which is not necessary to prove the corrupt organization conspiracy charge as brought by the Commonwealth. *Each crime must require proof of a fact not necessary to the other.*[9] Accordingly, we hold that the § 911(b)(4) charge was properly dismissed.

To allow the § 911(b)(3) action to proceed, the Commonwealth must show that the separate statutes address separate evils. *Abbott, supra.* In enacting the corrupt organizations statute, the legislature was primarily concerned with the insidious effect of organized crime on legitimate businesses. *Commonwealth v. Yacoubian,* 339 Pa.Super. 413, 419, 489 A.2d 228, 231 (1985) (analyzing legislative intent as demonstrated in 18 Pa.C.S.A. § 911(a)). "[T]he vast amounts of money and power accumulated by organized crime are increasingly used to infiltrate legitimate businesses operating within the Commonwealth." 18 Pa.

8. *See, United States v. Kragness,* 830 F.2d 842, 863–64 (8th Cir.1987), *citing, Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), for the proposition that a court conducting a proof of necessary facts double jeopardy inquiry may not examine the offenses charged in a vacuum to determine that it is possible to convict based upon proof of different facts, but rather must examine the factual allegations presented by the prosecution to determine if conviction under each statute requires proof of a fact not necessary to convict under the other.

9. Nor does it assist the Commonwealth that a corrupt organization conspiracy conviction could be based on a conspiracy which did not involve drug trafficking. It is true that, had the Commonwealth alleged in the information that Wetton conspired to perform racketeering acts which were not drug trafficking violations, proof of such a conspiracy would support a conviction under § 911(a)(4). Nevertheless, we will not allow the Commonwealth to argue in the abstract that such a conspiracy requires proof of a fact unnecessary to the federal drug conspiracy in the absence of any allegation that such a conspiracy existed.

C.S.A. § 911(a)(3). The evil targeted by the corrupt organization statute is the covert introduction of organized criminal activity into the law-abiding business community. Such permeation of the business community with criminal elements is accomplished by violence and intimidation. 18 Pa.C.S.A. § 911(a)(3).

The federal conspiracy statute targets illegal agreements to violate the federal drug laws. 21 U.S.C.A. § 846. The federal drug trafficking laws are directed at controlling the illegal use of controlled substances to prevent the detrimental effect of such use. See, 21 U.S.C.A. § 801(2). This activity is totally criminal. It does not directly impact upon legitimate business activity, nor is it an attempt to gain control of that community.

We hold that the Pennsylvania corrupt organizations statute (18 Pa.C.S.A. § 911) targets a substantially different harm or evil than that addressed by the federal drug conspiracy statute (21 U.S.C. § 846). Further, that based upon the informations filed in both proceedings, the substantive corrupt organization count requires proof of a fact not necessary to prove a violation of the federal drug conspiracy statute and vice-a-versa. Accordingly, Wetton's prosecution under 18 Pa.C.S.A. § 911(b)(3) is not prohibited by 18 Pa.C.S.A. § 111 because of his prior federal drug conspiracy conviction. The informations filed in both proceedings indicate, however, that the federal drug conspiracy conviction did not require proof of any fact not required to prove the corrupt organization conspiracy count. Therefore, § 111 does bar Wetton's prosecution pursuant to 18 Pa.C.S.A. § 911(b)(4) due to the prior federal conviction.

## THE CONTINUING CRIMINAL
## ENTERPRISE MISTRIAL

■ The continuing criminal enterprise statute, 21 U.S.C.A. § 848, requires proof that the defendant engaged in an ongoing series of drug trafficking violations in concert or conspiracy with five or more persons; that the accused held a supervisory position in the scheme; and that the

accused obtained substantial income from the ongoing activities. *United States v. Phillips,* 664 F.2d 971, 1013–14 (5th Cir.1981), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1981), *cert. denied sub. nom. Platshorn v. United States,* 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982) (construing 21 U.S.C.A. § 848(b)). Despite its commonly used short title, the existence of an ongoing enterprise, as required by the corrupt organizations statute, is not a necessary element of a CCE violation. *Id.* (comparing federal RICO and CCE). *See also, United States v. Grayson,* 795 F.2d 278 (3d Cir.1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 927, 93 L.Ed.2d 978 (1987), *cert. denied sub nom. Robinson v. United States,* 481 U.S. 1018, 107 S.Ct. 1899, 95 L.Ed.2d 505 (1987). As stated above, 18 Pa.C.S.A. § 911 requires proof of an ongoing criminal enterprise; however, no minimum number of participants is required, nor is supervision or substantial income. Therefore, each statute requires proof of a fact which is not essential to prove a violation of the other statute.

Wetton argues that, as both the corrupt organization statute and the CCE statute are compound offenses, they target substantially identical harms or evils. We disagree. As stated above, the corrupt organizations statute is directed at the infiltration of the legitimate business community by organized crime via a pattern of racketeering. The CCE statute is meant to prevent the organizing of ongoing narcotics operations by a group of five or more. *Phillips, supra. Grayson, supra.* The CCE statute targets the organizers of drug trafficking rings, those who create such criminal organizations; [10] the corrupt organization statute attempts to prevent a criminal enterprise from establishing a beachhead in the legitimate business community. While such infiltration could not occur if criminal organizations do not exist, the infiltration is an evil substantially different

---

**10.** "Section 848 is often referred to as the 'Kingpin' statute because it is designed to apply to leaders of large scale narcotics operations. Section 848 focuses on organizers of narcotics operations while RICO focuses on all direct and indirect participants in the organized criminal enterprise." *Phillips, supra* at 1013, n. 62 (citations omitted).

from the mere existence of a "Kingpin" of an organized ongoing narcotics operations.

Therefore, we hold that 18 Pa.C.S.A. § 911 targets a substantially different evil or harm than 21 U.S.C.A. § 848. Accordingly, assuming *arguendo,* that the mistrial of the CCE charges at the federal proceeding is equivalent to an acquittal, the Commonwealth has met its burden under *Abbott* and the CCE mistrial does not bar this subsequent prosecution of the substantive corrupt organization charge under § 911(b)(3).

In summary, when an accused makes out a nonfrivolous claim that 18 Pa.C.S.A. § 111 bars a prosecution, the Commonwealth must show, by a preponderance of the evidence, that either the same conduct is not involved, or that each statute requires proof of a fact not necessary for conviction under the other statute *and* that the statutes target a substantially different harm or evil. A mere claim that different conduct is being prosecuted will not suffice; if the Commonwealth does not address this issue at the pretrial hearing by evidence and argument, it is waived. Nonetheless, it is not enough for the trial court to decide that the charges in present case are identical to the scope of the charges brought in the prior prosecution. The same conduct inquiry does not dispose of the questions presented. If the Commonwealth proves, as it did here, that, under the informations filed in the separate proceedings, proof of separate facts is required for each conviction and that each statute addresses substantially different evils, § 111 does not bar the subsequent prosecution. We emphasize that the proof of separate facts inquiry must be conducted on a case-by-case basis, comparing the facts used to prove the prior conviction to the facts alleged in the subsequent prosecution.

Order dismissing charges affirmed in part and reversed in part, case remanded for proceedings consistent with the above decision. Jurisdiction relinquished.