632 A.2d 1294

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Regis BOBITSKI, Appellee.**

Supreme Court of Pennsylvania.

Submitted Sept. 21, 1992.

Decided Nov. 1, 1993.

312

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Scott A. Bradley, Asst. Dist. Atty., Pittsburgh, for appellant.

Joseph E. Hudak, Pittsburgh, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

■ The question presented is whether the Pennsylvania corrupt organizations statute (18 Pa.C.S. § 911 et seq.) can be applied to an individual who committed a series of criminal acts for his own benefit while employed by a legitimate enterprise, where the Commonwealth concedes that there are no identifiable ties between the individual, the enterprise and "organized crime."[1] For the reasons that follow we find that the actions of this defendant do not fall within the scope of the corrupt organizations statute.

The defendant in the instant case is an employee of Thrift Drug, who was responsible for soliciting bids and awarding construction contracts. The defendant took advantage of his position in Thrift Drug to solicit bribes from various contractors over a period of approximately six years. The defendant either solicited direct cash payments from contractors in exchange for awarding them the contract, or utilized various contractors to improve his home at their own expense in exchange for awarding them contracts. Thrift Drug was not involved in the defendant's scheme. All money and home

1. *See* Brief for Appellant at pp. 11 and 16.

improvements garnered in this process directly benefitted the defendant alone. As a result of this conduct the defendant was charged with five counts of commercial bribery, 18 Pa. C.S. § 4108(a), one count of forgery, 18 Pa.C.S. § 4101(a)(3), one count of tampering with records or identification, 18 Pa.C.S. § 4101(a), and two counts of corrupt organizations, 18 Pa.C.S. § 911(b).

Prior to trial the defendant filed a motion to quash various counts of the indictment. The trial court granted the motion as to counts six, eight and nine, thus terminating the forgery and corrupt organizations charges. The Commonwealth appealed only the dismissal of the corrupt organizations counts to the Superior Court, where the decision of the trial court was affirmed in a memorandum opinion. This Court granted the Commonwealth's Petition for Allowance of Appeal.

Although the Commonwealth concedes that this defendant has no ties to "organized crime" as that term is defined within the corrupt organizations statute, and that Thrift Drug has no ties to "organized crime," they argue that the organized, systematic method by which the defendant committed his crimes brings him within the purview of the statute. This proposition ignores the very essence of the corrupt organizations statute as succinctly set forth by the General Assembly. When the General Assembly enacted the corrupt organizations statute it included a lengthy preamble setting forth the purpose and intended scope of the act:

(a) **Findings of fact.**—The General Assembly finds that:

(1) organized crime is a highly sophisticated, diversified and widespread phenomenon which annually drains billions of dollars from the national economy by various patterns of unlawful conduct including the illegal use of force, fraud, and corruption;

(2) organized crime exists on a large scale within the Commonwealth of Pennsylvania, engaging in the same patterns of unlawful conduct which characterize its activities nationally;

(3) the vast amounts of money and power accumulated by organized crime are increasingly used to infiltrate and corrupt legitimate businesses operating within the Commonwealth, together with all of the techniques of violence; intimidation, and other forms of unlawful conduct through which such money and power are derived;

(4) in furtherance of such infiltration and corruption, organized crime utilizes and applies to its unlawful purposes laws of the Commonwealth of Pennsylvania conferring and relating to the privilege of engaging in various types of business and designed to insure that such businesses are conducted in furtherance of the public interest and the general economic welfare of the Commonwealth;

(5) such infiltration and corruption provide an outlet for illegally obtained capital, harm innocent investors, entrepreneurs, merchants and consumers, interfere with free competition, and thereby constitute a substantial danger to the economic and general welfare of the Commonwealth of Pennsylvania; and

(6) in order to successfully resist and eliminate this situation, it is necessary to provide new remedies and procedures.

18 Pa.C.S. § 911(a)

 In construing the intent of this statute we need not look beyond its actual words. The express intent was to prevent infiltration of legitimate businesses by organized crime. The corrupt organizations statute is a penal statute and must be strictly construed. *Commonwealth v. Heinbaugh*, 467 Pa. 1, 354 A.2d 244 (1976); 1 Pa.C.S. § 1928(b)(1). Thus, when the Commonwealth argues that "appellee's conduct is exactly the sort of organized systematic conduct the statute appears to have targeted," they are utilizing the word organized in a manner not intended by the General Assembly. (Brief for Appellant p. 17.) It was clearly and explicitly the intent of the corrupt organizations statute to ferret out organized crime "as it is commonly understood" and to severely punish those persons who engage in organized crime through

a "pattern of racketeering activity." *Commonwealth v. Brady*, 470 Pa. 420, 368 A.2d 699 (1977).[2]

 It was not the intent of the General Assembly to use this particular statute to enhance the punishment of an "organized" criminal. A defendant who commits a series of methodical crimes is neither a natural nor an obvious target of the corrupt organizations statute. There are no facts alleged which lift the conduct of this particular white collar criminal out of the ordinary class of white collar criminals and make him appear to be part of the "sophisticated, diversified, and widespread phenomenon" defined in the statute as organized crime. *See*, 18 Pa.C.S. § 911(a)(1).

Given the clear and concise language of the statute and its preamble, the General Assembly cannot have intended such an absurd result. To endorse the Commonwealth's interpretation of the intent and scope of the corrupt organizations statute would clearly lead to absurd and unintended results. The statute at issue was enacted to punish persons engaged in organized crime, not "organized" criminals.

Accordingly, the order of the Superior Court, 413 Pa.Super. 651, 596 A.2d 249, which affirmed the order of the Court of Common Pleas is affirmed.

---

2. We note that the federal courts have held that there is no requirement under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A. § 1961 et seq., for the prosecution to establish a nexus between the individual and/or the enterprise being charged and "organized crime." *See H.J. Inc., et al. v. Northwestern Bell Telephone Co., et al.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *Sedima, S.P.R.L. v. Imrex Inc., et al.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); *United States v. Stokes*, 944 F.2d 211 (5th Cir.1991); *United States v. Ruiz*, 905 F.2d 499 (1st Cir.1990); *Jensen v. Snellings*, 841 F.2d 600 (5th Cir.1988); *Gilbert v. Prudential–Bache Securities*, 769 F.2d 940 (3rd Cir.1985); *Plains Resources Inc. v. Gable*, 782 F.2d 883 (10th Cir.1986).

We do not find the interpretation of a federal statute to be controlling in our analysis of the Pennsylvania corrupt organizations statute.