641 A.2d 574

COMMONWEALTH of Pennsylvania, Appellee,

v.

George WETTON, Appellant.

COMMONWEALTH of Pennsylvania, Appellee,

v.

Kenneth SCHWARTZ, Appellant.

Supreme Court of Pennsylvania.

Argued Dec. 9, 1992.

Decided March 10, 1994.

Thomas Colas Carroll, Philadelphia, for Wetton.

Stanford Shmukler, Edward Reif, Philadelphia, for Schwartz.

Andrea F. McKenna, Harrisburg, for Com.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

102

**ORDER**

PER CURIAM.

The Court being equally divided, the order of the Superior Court is affirmed.

LARSEN, J., did not participate in the decision of this case.

PAPADAKOS, J., files an Opinion in Support of Affirmance in which NIX, C.J., and MONTEMURO, J., join.

ZAPPALA, J., files an Opinion in Support of Reversal in which FLAHERTY, J., joins and CAPPY, J., concurs in the result.

MONTEMURO, J., who was an appointed Justice of the Court at the time of argument, participated in the decision of this case in his capacity as a Senior Justice.

**OPINION IN SUPPORT OF AFFIRMANCE**

PAPADAKOS, Justice.

Although I concur in the result reached by the opinion in support of reversal regarding the first two questions set up by *Commonwealth v. Traitz*, 528 Pa. 305, 312, 597 A.2d 1129, 1133 (1991), (as discussed in the slip opinion, pp. 7 to 12), I dissent to the conclusion as to the third *Traitz* question (slip op., pp. 12–14) to the effect that the substantive corrupt organizations charges, 18 Pa.C.S.A. § 911(b)(3), are not designed to prevent a substantially different harm or evil than the law defining the federal offenses. I do not find that the distinction raised by the Superior Court is one of form over substance. Rather, I would adopt the rationale expressed by the Superior Court in its opinion and I would affirm the order of the Superior Court.

NIX, C.J., and MONTEMURO, J., join this Opinion in Support of Affirmance.

**OPINION IN SUPPORT OF REVERSAL**

ZAPPALA, Justice.

The common issue in these consolidated appeals is whether the Superior Court erred in holding that double jeopardy

under 18 Pa.C.S.A. § 111 does not bar prosecution of Appellants on substantive corrupt organizations charges, 18 Pa. C.S.A. § 911(b)(3). The Court of Common Pleas of Bucks County granted Appellant Wetton's pre-trial Motion to Dismiss both substantive and conspiracy corrupt organizations charges, 18 Pa.C.S.A. § 911(b)(4); however, simultaneously denied Appellant Schwartz's Motion to Dismiss on the same charges. The Superior Court in part reversed the trial court's orders with respect to Appellant Wetton's substantive corrupt organizations charge and the conspiracy corrupt organizations charge brought against Appellant Schwartz.[1] I would have reversed the Superior Court insofar as each order permits prosecution of Appellants on substantive corrupt organizations charges, 18 Pa.C.S.A. § 911(b)(3).

Between January of 1986 and March of 1987, a special drug task force comprised of local, state and federal authorities conducted an investigation of criminal activity in Philadelphia and Bucks Counties. This joint investigation led to a federal indictment of Appellants Wetton and Schwartz and seven others for their activities from October of 1985 to December of 1986 in acquiring quantities of phenyl—2 proponolamine (P2P), arranging to have the P2P used for the manufacture of methamphetamine, and distributing methamphetamine.

On March 31, 1987, Appellants, along with seven others, were charged with one count of conspiracy to violate federal drug trafficking laws through the distribution of methamphetamine, 21 U.S.C. § 846. Appellants were also charged with three counts of unlawful use of the telephone, 21 U.S.C. § 843(b). In addition, Appellant Wetton was charged with two counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and a single count of conducting a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848.

In July, 1987, Appellants were convicted in federal district court by a jury of all counts of conspiracy to violate federal

---

1. The Commonwealth did not file cross-petitions for allowance of appeal and accordingly, the Superior Court's orders with respect to the dismissal of the conspiracy corrupt organization charge is final.

drug trafficking laws and unlawful use of the telephone. *United States v. Wetton,* E.D.Pa., Criminal No. 87–00144–01; *United States v. Schwartz,* E.D.Pa., Criminal No. 87–00144–02. In the same proceeding Appellant Wetton pled guilty to two counts of distributing methamphetamine. The jury, however, was unable to reach any verdict on the charge of carrying on a continuing criminal enterprise (CCE) and a mistrial as to that charge was declared. Subsequently, the United States Attorney sought and obtained leave to dismiss the CCE charge. Appellant Schwartz was sentenced to serve eight years imprisonment on the conspiracy conviction. Appellant Wetton was sentenced to a total term of imprisonment of thirteen years, followed by three years parole plus $75,000 in fines.

On June 30, 1989, the Sixth Statewide Investigating Grand Jury handed down Presentment No. 17 which recommended that charges be brought against a number of persons including Appellants based upon the joint task force's investigation of the P2P—methamphetamine operation in Philadelphia and Bucks Counties.[2] Thereafter, the Attorney General of Pennsylvania, on September 12, 1989, charged Appellants Wetton and Schwartz and nine others with two violations of the corrupt organizations statute. The Informations charged each Appellant with one substantive and one conspiracy violation of corrupt organizations and enumerated twelve acts, 18 Pa. C.S.A. § 911(b)(3) and § 911(b)(4).[3] Appellant Schwartz was

2. Presentment No. 17 detailed the structure of the enterprise as being headed by Roy Stocker who derived his power and authority from Albert "Reds" Pontani, a member of the Philadelphia/South Jersey Organized Crime Family known as La Cosa Nostra (LCN) or the Mafia. RR.9a.

3. Three of the twelve predicate acts in the Information charging Appellant Schwartz with corrupt organizations related to the September 29, 1986 burglary and theft of P2P from Appellant Wetton's residence. These three predicate acts in Appellant Schwartz's corrupt organization information were not predicate acts in Appellant Wetton's corrupt organization information nor were they predicate acts in Appellant Schwartz's federal prosecution for federal drug conspiracy. However, the Commonwealth conceded at the hearing on Appellants' Motion that the evidence of the burglary and theft of P2P from Appellant Wetton's residence was introduced through witness testimony in Appellant

also charged in a separate Information with burglary, criminal solicitation and criminal conspiracy in connection with a burglary of Appellant Wetton's residence and theft of P2P on September 29, 1986.

Appellants filed pre-trial motions to dismiss their corrupt organizations charges on the basis that 18 Pa.C.S.A. § 111 and the double jeopardy clauses of the Pennsylvania and U.S. Constitutions barred their state prosecutions. On May 29, 1990, the trial court granted Appellant Wetton's motion and denied Appellant Schwartz's motion. The Commonwealth and Appellant Schwartz filed appeals.

The Superior Court in *Commonwealth v. Wetton*, 405 Pa.Super. 1, 591 A.2d 1067 (1991), held that § 911(b)(4) corrupt organizations conspiracy charge was properly dismissed. As to the substantive corrupt organizations charge § 911(b)(3), the Superior Court determined that the Commonwealth had proven that under the informations filed in separate proceedings, proof of separate facts was required for each conviction and that each statute addressed substantially different evils thereby lifting the statutory bar of § 111 as to subsequent prosecutions.

In *Commonwealth v. Schwartz*, 421 Pa.Super. 651, 613 A.2d 30 (1992), the Superior Court relying on the rationale set forth in *Wetton* held that although Appellant Schwartz's federal and state prosecutions are based on the same conduct, the substantive corrupt organizations charge, § 911(b)(3), is not barred by § 111 because it requires proof of a fact not necessary to prove the federal drug conspiracy charge and vice versa; and both statutes present a substantially different harm or evil. Further, Appellant Schwartz's corrupt organizations conspiracy charge, § 911(b)(4), is barred by § 111 because the federal drug conspiracy conviction did not require proof of any fact not required to prove the corrupt organizations conspiracy count.

Schwartz's federal prosecution. Presentment No. 17 also indicates that the burglary was part of the enterprise's activities in that the burglary was directed by Roy Stocker, who was the head of the enterprise, and was executed by members of the enterprise. RR 19a, 20a.

Appellant Wetton argues that the Superior Court erred with respect to the substantive corrupt organizations charge by not applying *Commonwealth v. Mills,* 447 Pa. 163, 286 A.2d 638 (1971) and the statutory double jeopardy test contained within 18 Pa.C.S.A. § 111 together so as to bar prosecution where state interests are adequately protected by prior federal prosecution. Similarly, Appellant Schwartz contends with respect to the substantive corrupt organizations charge that the Commonwealth has failed to prove that state prosecution is permitted as an exception to 18 Pa.C.S.A. § 111.

In *Commonwealth v. Mills,* 447 Pa. 163, 286 A.2d 638 (1971), we held that a person may not be convicted and punished in a state court prosecution if that person has been previously convicted and punished in a federal court for the identical unlawful conduct. The defendant was indicted by the Commonwealth for aggravated robbery and firearms offenses. At the same time, he was indicted by the United States for bank robbery and assault, in violation of 18 U.S.C. § 2113. After pleading guilty to the federal indictment, he filed a motion to dismiss the state court indictment on the basis of double jeopardy. The motion was denied.

On appeal, we held that a subsequent prosecution and imposition of punishment for the same offense will not be permitted unless the Commonwealth's interests are substantially different from the interests of the jurisdiction that initially prosecuted and imposed punishment. 447 Pa. at 171–172, 286 A.2d at 642. Thus was born the interest analysis test in Pennsylvania.

Subsequent to this Court's decision in *Mills,* the Legislature enacted 18 Pa.C.S.A. § 111 which codified when prosecution is barred by a former prosecution in another jurisdiction. The statute provides:

When conduct constitutes an offense within the concurrent jurisdiction of this Commonwealth and of the United States or another state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this Commonwealth under the following circumstances:

(1) The first prosecution resulted in an acquittal or in a conviction as defined in Section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is based on the same conduct unless:

(i) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the order and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(ii) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the offense of which the defendant is subsequently prosecuted.

In determining whether 18 Pa.C.S.A. § 111 is applicable, three questions must be addressed:

(1) Is the prosecution the Commonwealth proposes to undertake based on the same conduct for which the individual was prosecuted by the other jurisdiction?

(2) Do each of the prosecutions require proof of a fact not required by the other?

(3) Is the law defining the state offense designed to prevent a substantially different harm or evil than the law defining the other jurisdiction's offense?

*Commonwealth v. Traitz*, 528 Pa. 305, 312, 597 A.2d 1129, 1133 (1991) citing *Commonwealth v. Abbott*, 319 Pa.Super. 479, 489, 466 A.2d 644, 469 (1983). An affirmative answer to the initial question lowers the statutory bar of 18 Pa.C.S.A. § 111 so as to preclude the subsequent prosecution and only an affirmative response to both of the remaining questions can lift the bar so as to permit a subsequent prosecution.

The threshold inquiry is whether the Commonwealth's prosecution is based upon the same conduct for which the Appellants were prosecuted by the federal government.

The record reveals that at the pre-trial hearing on the motion to dismiss, the Commonwealth orally stipulated that all of the predicate acts in the Informations charging Appellant Wetton and Appellant Schwartz with corrupt organizations were used as evidence in their federal drug conspiracy prosecutions. In response to a question posed by the trial court, the Commonwealth conceded that no fresh conduct, act, deed or declaration would be presented in the state actions for corrupt organizations against either Appellant. At a later point during the hearing and on appeal, the Commonwealth argued that it was not conceding in its stipulation that the same conduct is involved in both the federal and state prosecutions of Appellants. However, the record is silent with respect to the Commonwealth presenting any evidence or argument at the hearing or on appeal that the same conduct was not involved.

The facts in this record amply support the finding that the Commonwealth's oral stipulation constituted a waiver on the "same conduct" issue. For this reason, I would find that subsequent prosecution is precluded unless an affirmative response can be given to both of the remaining questions so that the statutory bar of 18 Pa.C.S.A. § 111 can be lifted. The inquiry now turns to the second and third questions set forth in *Traitz* to determine whether the statutory bar can be lifted.

The next inquiry of this analysis is whether each of the prosecutions require proof of a fact not required by the other. Such an inquiry is in fact an inquiry into the necessary elements of the crimes involved. Appellants Wetton and Schwartz were convicted under the federal drug conspiracy law which provides:

Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum

punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846. A federal drug conspiracy conviction requires proof that the accused willingly participated in a conspiracy to violate federal drug trafficking laws with the intent to further its illegal purpose; proof of an overt act in furtherance of the conspiracy is not required. *United States v. Garcia*, 655 F.2d 59, 62 (5th Cir.1981).

The substantive corrupt organizations statute which is our focus of the state prosecution provides in relevant part:

> (3) It shall be unlawful for any person employed by or associated with any enterprise to conduct or participate, directly or indirectly, in the conduct of such enterprises affairs through a pattern of racketeering activity.

18 Pa.C.S.A. § 911(b)(3). A violation of the substantive corrupt organizations statute thus requires proof that an enterprise exists, and that an individual is associated or employed by the enterprise and has conducted or participated in the enterprise's conduct or affairs via a pattern of racketeering activity. Proof of a pattern of racketeering activity involves a showing of a course of conduct requiring two or more acts of racketeering activity. 18 Pa.C.S.A. § 911(h)(4).

It is clear that a conviction under the substantive corrupt organizations statute at issue here requires proof of the existence of an enterprise that is immaterial to the federal drug conspiracy charge for which Appellants were convicted. Similarly, the federal drug conspiracy charge requires proof of participation in a conspiracy which is not necessary to prove a pattern of racketeering activity. Therefore, I would conclude that Appellants' prior conviction for federal drug conspiracy, 21 U.S.C. § 846, and the substantive corrupt organization charge, 18 Pa.C.S.A. § 911(b)(3), each require proof of a fact that is not required under the other statute.

Appellant Wetton also pled guilty in federal court to two counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). During the same proceeding, a jury was unable to reach a verdict on Appellant Wetton's charge of

carrying on a continuing criminal enterprise (CCE), 21 U.S.C. § 848, and a mistrial as to that charge was declared. The CCE charge was subsequently dismissed.

The Superior Court failed to consider Appellant Wetton's guilty plea as part of his prior prosecution and thus did not inquire into the necessary elements of 21 U.S.C. § 841(a)(1). The Superior Court did, however, consider the CCE charge which the court assumed, based upon the mistrial, was an acquittal. This was error.[4]

Distribution of methamphetamine violates 21 U.S.C. § 841(a)(1) which provides:

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance;

A violation of 21 U.S.C. § 841(a)(1) requires proof that a person knowingly or intentionally manufactured, distributed or dispensed or possessed with the intent to manufacture, distribute or dispense a controlled substance.

Distribution of methamphetamine requires proof that a person knowingly or intentionally manufactured, distributed, dispensed or possessed, with such intent, a controlled substance which is immaterial to prove a substantive corrupt organization charge. Likewise, the substantive corrupt organization statute requires proof of the existence of an enterprise which is unnecessary to prove distribution of methamphetamine. I would conclude, therefore, that Appellant Wetton's guilty plea to distribution of methamphetamine, 21 U.S.C. § 841(a)(1) and the substantive corrupt organizations charge, 18 Pa.C.S.A. § 911(b)(3), each require proof of a fact that is not required under the other statute. The second *Traitz* question is thus answered affirmatively. However, to

---

4. This mistrial was not an acquittal. A mistrial because a jury is unable to reach a verdict is the classic case where double jeopardy considerations do not prevent a retrial. *Commonwealth v. McCane,* 517 Pa. 489, 497, 539 A.2d 340, 344 (1988) citing *United States v. Perez,* 9 Wheat 579, 6 L.Ed. 165 (1824).

lift the statutory bar of 18 Pa.C.S.A. § 111 so as to permit the subsequent prosecution on the substantive corrupt organizations charges, an affirmative response is also necessary to the third *Traitz* question to which I now turn.

To allow the substantive corrupt organizations charges, 18 Pa.C.S.A. § 911(b)(3) to proceed, the Commonwealth must now show that the law defining the state offense is designed to prevent a substantially different harm or evil than the law defining the federal offenses.

The Commonwealth argues that the Superior Court correctly determined that the Pennsylvania corrupt organizations statute targets a substantially different harm or evil than that addressed by the federal drug conspiracy statute. The Superior Court found that in enacting the corrupt organization statute, the Legislature was primarily concerned with the insidious effect of organized crime on legitimate businesses operating within the Commonwealth. Therefore, the court reasoned that the evil targeted by the corrupt organizations statute is the covert introduction of organized criminal activity into the law-abiding business community. The federal drug conspiracy statute, the court continued, targets illegal agreements to violate the federal drug laws. Furthermore, the federal drug trafficking laws are directed at controlling the illegal use of controlled substances to present the detrimental effect of such use. See 21 U.S.A.A. § 801(2). The Superior Court concluded that this activity is totally criminal. It does not directly impact upon legitimate business activity, nor is it an attempt to gain control of that community. *Commonwealth v. Wetton,* 405 Pa.Super. at 14, 591 A.2d at 1074. This attempted distinction is one of form over substance.

While federal drug conspiracy is a different crime from substantive corrupt organizations, both statutes are used in this case to protect the same governmental interest the elimination of the pervasive drug trafficking network in our society.[5] I would find, therefore, that the proper application of

5. In *Commonwealth v. Bobitski,* 534 Pa. 310, 632 A.2d 1294 (1993) we stated that the express intent of the corrupt organizations statute was to prevent infiltration of legitimate businesses by organized crime. The

Section 111 of the Crimes Code bars Appellants prosecution on all substantive corrupt organizations charges, 18 Pa.C.S.A. § 911(b)(3). To hold otherwise would be to apply Section 111 in such a narrow and limiting manner so that dual prosecution would effectively be barred only where exact crimes match exact dates—crime for crime and date for date. *Commonwealth v. Mascaro*, 260 Pa.Super. 420, 427, 394 A.2d 998, 1001 (1978). Because the federal drug conspiracy statute and the state substantive corrupt organizations statute protect the same governmental interest, I would find that the third *Traitz* question is answered in the negative and therefore the statutory bar of 18 Pa.C.S.A. § 111 cannot be lifted.

Accordingly, I would reverse the Orders of the Superior Court as to the substantive corrupt organizations charges, 18 Pa.C.S.A. § 911(b)(3). I would have also discharged Appellants as to all corrupt organization charges.

FLAHERTY, J., joins this Opinion in Support of Reversal.

CAPPY, J., concurs in the result.

---

corrupt organizations statute is a *penal statute* and must be strictly construed. *Commonwealth v. Heinbaugh*, 467 Pa. 1, 354 A.2d 244 (1976). Furthermore, we find that neither the preamble nor the express language of the statute prevents its proscription from reaching enterprises organized and existing for illegal purposes. *Commonwealth v. Yacoubian*, 339 Pa.Super. 413, 489 A.2d 228, 231 (1985). Finally we note that a key element of the corrupt organizations statute is "Racketeering Activity" which includes any offense indictable under The Controlled Substance, Drug, Device and Cosmetic Act. 18 Pa.C.S.A. § 911(h)(1)(ii).