675 A.2d 743

**COMMONWEALTH of Pennsylvania**

v.

**Phillip W. CALLOWAY, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 29, 1996.

Filed April 30, 1996.

228

230

Blanche C. Clifford, Harrisburg, for appellant.

Michael L. Rozman, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Latisha K. Frederick, Harrisburg, for participating party.

Before BECK, HUDOCK and BROSKY, JJ.

BECK, Judge:

█ The trial court's order on appeal, entered June 28, 1995 (hereinafter "June Order"), denied in part appellant's motion to dismiss the four criminal counts brought against him by the Commonwealth. We find that the trial court correctly ruled that three out of four of these charges were not barred

by the statutory provisions of 18 Pa.C.S. § 111, and therefore affirm the trial court's order.[1]

The facts and history of this case, as set forth by the trial court in its memorandum opinion, are as follows:

[O]n or about July 26–27, 1995, after George Lendh had exited his parked car, he was approached by four men, one of whom had a gun. With the gun at his back, Lendh was forced to hand over his keys and also had his wallet, a gold chain and a watch removed by the defendants. Lendh was then forced into the back seat of his car with the defendants who drove around for five minutes or so until they found a[sic] automated teller machine (ATM) where they forced Lendh to withdraw money with an ATM card the defendants had taken from his wallet. They then drove Lendh to another location where they tied him to a tree and left. Lendh was able to break free and contacted the police, whereafter the defendants were apprehended.

Defendant was ... subsequently charged with four state crimes: Count I—robbery of a motor vehicle,[2] Count II—robbery of personal property,[3] Count III—kidnaping [sic],[4] and Count IV—conspiracy to commit kidnapping.[5] Defendant was also charged in federal court with three crimes ...: Count I—conspiracy to commit carjacking,[6] Count II—carjacking,[7] and Count III—use of a firearm in the commis-

1. It is well settled in Pennsylvania that a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous motion to dismiss on state or federal double jeopardy grounds. *Commonwealth v. Savage*, 388 Pa.Super. 561, 566 A.2d 272, 275 (1989). The same reasoning underlying this right to appeal applies equally to an order denying a non-frivolous motion to dismiss pursuant to 18 Pa.C.S. § 111. *Id. See also Commonwealth v. Breeland*, 445 Pa.Super. 147, 664 A.2d 1355, 1358 n. 1 (1995) (*quoting Commonwealth v. Haefner*, 473 Pa. 154, 156, 373 A.2d 1094, 1095 (1977)).

2. 18 Pa.C.S. § 3702(a).

3. 18 Pa.C.S. § 3701(a)(1)(i) and (ii).

4. 18 Pa.C.S. § 2901(a)(2).

5. 18 Pa.C.S. § 903.

6. 18 U.S.C. § 371.

7. 18 U.S.C. § 2119.

sion of a federal offense.[8] On November 11, 1994, defendant pled guilty to the federal charges and received a sentence of nine years imprisonment, three years supervised release plus fines and restitution to the victim for the jewelry and cash taken during the robbery.

On January 5, 1995, defendant filed a Motion to Dismiss the state charges on the basis that further prosecution violated state law inasmuch as the federal offenses to which the defendant pled guilty were the same as the state criminal charges. 18 Pa.C.S. § 111. A hearing was held on April 27, 1995, after which an Order was issued ("April Order") dismissing Counts I through III and taking Count IV under advisement with a directive that the parties brief the issue.

On May 10, 1995, a second Order was issued again dismissing Counts I and II (robbery of motor vehicle and robbery of personal property), but taking under advisement the decision on Counts III and IV (kidnapping and conspiracy to kidnap).[9] This Order was officially entered on May 23, 1995 ("May Order"). On May 26, 1995, the Commonwealth filed a Motion for Reconsideration of the May Order. No action was taken on that Motion and on June 22, 1995, the Commonwealth filed an appeal from the May Order dismissing Counts I and II.

On June 28, 1995, notwithstanding the Commonwealth's appeal, a final Order ("June Order") was entered which disposed of all the issues presented in defendant's Motion to Dismiss. In the June Order, I again dismissed Count I (robbery of a motor vehicle) but reversed myself as to Count II (robbery of personal property) and determined that it should not be dismissed. As to Counts III and IV, which had been taken under advisement, I decided that they too should not be dismissed.

8. 18 U.S.C. § 924(c)(1) and (2).

9. The record reveals that the court amended the April Order after being advised that it had incorrectly stated therein that Count III was for robbery. After the court was informed that Count III was for kidnapping, the Court decided to take Count III under advisement with Count IV.

Trial Court Op. dated August 15, 1995 at 1–3 (footnote added and footnote omitted).

■ Appellant appeals the court's June order. He makes three arguments: (1) that the trial court did not have jurisdiction to enter the June Order because the Commonwealth had filed an appeal from the May Order; (2) that the trial court erred by issuing the June Order *"sua sponte;"* and (3) that the trial court erred in holding that Counts II, III and IV were not barred by 18 Pa.C.S. § 111. The foregoing issues all present questions of law which, as such, are subject to plenary review. *See Commonwealth v. Wetton,* 405 Pa.Super. 1, 591 A.2d 1067, 1071 (1991), *aff'd.,* 537 Pa. 100, 641 A.2d 574 (1994) (applicability of statutory bar under 18 Pa.C.S. § 111 is question of law requiring appellate court's plenary review).

We first address appellant's contention that the June Order should be declared a nullity because the trial court did not have jurisdiction to enter the order after the Commonwealth had filed its appeal from the May Order. Appellant relies upon Rule 1701(a) of the Pennsylvania Rules of Appellate Procedure, which states in pertinent part that "after an appeal is taken ..., the trial court ... may no longer proceed further in the matter." Pa.R.A.P. 1701(a). We note, however, that the same rule provides the following:

After an appeal is taken ..., the trial court ... may:

. . . . .

(6) Proceed further in any matter in which a nonappealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

Pa.R.A.P. 1701(b)(6).

■ The May Order was nonappealable and interlocutory in light of the fact that the trial court did not decide all of the issues raised in appellant's motion to dismiss. Rather, it dismissed Counts I and II and took the arguments regarding Counts III and IV under advisement, to be decided after

further briefing by the parties.[10] Thus, in accordance with Pa.R.A.P. 1701(b)(6), we find that the trial court did have jurisdiction to enter the June Order.

■ We turn now to appellant's second point on appeal, which we find appellant to have waived by failing to offer any support therefor in accordance with Pa.R.A.P. 2119. *See Commonwealth v. Rodgers,* 413 Pa.Super. 498, 605 A.2d 1228 (1992), *appeal denied,* 532 Pa. 655, 615 A.2d 1311 (court deemed issue waived where appellant's brief failed to "include a pertinent discussion of the particular point raised along with citation to pertinent authorities").[11]

Appellant's final contention is that under 18 Pa.C.S. § 111 the trial court improperly determined not to dismiss Counts II, III and IV. We examine whether the federal action barred state prosecution under 18 Pa.C.S. § 111, which in pertinent part provides:

When conduct constitutes an offense within the concurrent jurisdiction of this Commonwealth and of the United States or another state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this Commonwealth under the following circumstances:

(1) The first prosecution resulted in an acquittal or a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is based on the same conduct unless:

(i) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such

---

**10.** Appellant filed a motion to dismiss the Commonwealth's appeal on the grounds that the May Order was nonappealable, and the Superior Court granted the motion on August 8, 1995.

**11.** We nevertheless note that we find no merit to appellant's contention that the trial court issued the June Order *"sua sponte,"* nor to his position that a *sua sponte* order would constitute error on the part of the trial court.

offenses is intended to prevent a substantially different harm or evil. . . .

18 Pa.C.S. § 111(1).

 In applying the foregoing statute, the courts of this Commonwealth have consistently held that there are three relevant inquiries to be made. The first inquiry is whether or not the prosecution which the Commonwealth proposes to undertake involves the same conduct for which the individual was prosecuted by the other jurisdiction. *Commonwealth v. Traitz,* 528 Pa. 305, 597 A.2d 1129, 1132–33 (1991); *Commonwealth v. Scarfo,* 416 Pa.Super. 329, 611 A.2d 242, 256 (1992), *appeal denied,* 535 Pa. 633, 631 A.2d 1006 (1993); *Commonwealth v. Abbott,* 319 Pa.Super. 479, 466 A.2d 644, 649 (1983). If the answer to this question is yes, then we must determine whether *each* prosecution requires proof of a fact not required by the other, *and* whether the law defining the Commonwealth offense is designed to prevent a substantially different harm or evil from the law defining the other jurisdiction's offense. *Scarfo, supra* at 359, 611 A.2d at 257. If the Commonwealth cannot satisfy both of these requisites, then the prosecution may not proceed. *Id.*[12] In interpreting 18 Pa.C.S. § 111, this court aptly stated in *Abbott, supra:*

It would seem that an affirmative answer to the initial inquiry lowers the bar to the subsequent prosecution and that only an affirmative response to both of the remaining inquiries can lift the bar.

*Abbott, supra* at 489, 466 A.2d at 649.

Accordingly, we must first decide whether Counts II, III and IV are based upon the same conduct as was appellant's prosecution in federal court. In *Commonwealth v. Mascaro,* 260 Pa.Super. 420, 394 A.2d 998 (1978), this court defined

---

12. When a defendant has raised a non-frivolous motion to dismiss based upon 18 Pa.C.S. § 111, this court has placed the burden of proof upon the Commonwealth to prove, by a preponderance of the evidence, either that the proposed prosecution is not based upon the same conduct as the previous prosecution, or that the prosecutions each require proof of facts different from the other *and* are based upon statutes aimed at substantially different evils. *Commonwealth v. Savage,* 388 Pa.Super. 561, 566 A.2d 272 (1989).

"same conduct," as "encompass[ing] all criminal behavior committed in support of a common and continuing scheme." *Id.* at 427, 394 A.2d at 1001. The undisputed facts in this case are that both the state and federal prosecutions are predicated on the same acts, against the same victim, which were performed without interruption by appellant in the same incident. The conduct gave rise to the federal prosecution for carjacking and conspiracy to commit carjacking, and the state prosecution for robbery, kidnapping and conspiracy to kidnap.

Having concluded that the same conduct was the basis for both the federal and the proposed state prosecutions, we must now determine whether the Commonwealth met its burden for lifting the statutory bar against prosecution.

■ Appellant pled guilty in federal court to carjacking, as defined in 18 U.S.C. § 2119, which states:

Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so.

18 U.S.C. § 2119. Appellant also pled guilty to conspiring to commit carjacking. The Commonwealth seeks to prosecute appellant for robbery of personal property, kidnapping, and conspiracy to kidnap, none of which requires proof of appellant's having taken the victim's motor vehicle, by force or otherwise. Furthermore, the offenses for which appellant was prosecuted in federal court did not require proof that appellant stole any personal property from the victim, removed the victim a substantial distance from the place where he was found, or agreed with others to do so, as is required for the Commonwealth's proposed prosecution of appellant for robbery of personal property, kidnapping and conspiracy to kidnap, respectively.[13] Thus, we conclude that the Common-

13. "Kidnapping" is defined in 18 Pa.C.S. § 2901, as follows:

(a) A person is guilty of kidnapping if he unlawfully removes another a substantial distance from the place where he is found, or if he

wealth has satisfied the first of the two requisites for lifting the bar against prosecution; each prosecution requires proof of a fact not required by the other.

 Finally, we must determine whether the statutes at issue in the federal and state prosecutions are designed to address substantially different harms or evils. We find that they are. As this court noted in *Commonwealth v. Wetton*, 405 Pa.Super. 1, 591 A.2d 1067, 1071 (1991), *aff'd.*, 537 Pa. 100, 641 A.2d 574 (1994), it is not sufficient merely to assert that both statutes are intended to prevent crime; rather, "[a]n examination of the specific harm or evil targeted by the statute must be conducted, as the evil to be deterred is one of the pivotal considerations in the ... interest analysis." *Id.* at 10, 591 A.2d at 1072. The federal carjacking statute is aimed at the taking of motor vehicles from individuals by force, or agreeing with others to do so. The statutes underlying the Commonwealth's proposed prosecution are aimed at entirely different evils: the taking of personal property (robbery), the removal of victims for enumerated criminal purposes (kidnapping), and the agreement with others to commit a kidnapping (conspiracy to kidnap). Since the federal and state statutes target substantially different evils, the Commonwealth has satisfied the final prong of 18 Pa.C.S. § 111 and may proceed with its prosecution of counts II, III, and IV.[14]

> unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions:
>
> . . . . .
>
> (2) To facilitate commission of any felony or flight thereafter.

14. Appellant contends that the Commonwealth should not be permitted to proceed with its prosecution because his federal sentence for carjacking was enhanced on the basis of the kidnapping and robbery, and because he was ordered to pay restitution to the victim for the robbery. We first note that appellant has waived this argument because he raises it for the first time in this appeal. Even if this argument were not waived, however, our conclusions herein would not change. Appellant has offered no case law in support of his argument that sentence enhancement based upon the facts surrounding appellant's carjacking somehow satisfies the clear language of 18 Pa.C.S. § 111, nor do we find such support in the statute itself.

238

For all of the foregoing reasons, we do not find any merit to appellant's arguments and affirm the trial court's order in its entirety.

Order affirmed.