J-S49040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| M.I.B. | |
| Appellant | No. 140 EDA 2014 |

Appeal from the Order entered December 19, 2013
In the Court of Common Pleas of Pike County
Criminal Division at No: CP-52-CR-0000215-2012

BEFORE: OLSON, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 04, 2014**

M.I.B. ("Appellant") appeals from the order entered December 19, 2013 in the Court of Common Pleas of Pike County, denying Appellant's motion to dismiss his case on double jeopardy grounds.[1]  Following review, we affirm.

In a May 2011 indictment, the United States Attorney for the Middle District of Pennsylvania charged Appellant with one count of sexual exploitation of children and two counts of certain activities relating to material constituting or containing child pornography.[2]  The events leading

---

[1] The order was amended on December 30, 2013 to reflect that Appellant's order was non-frivolous and merited substantive consideration and, therefore, was immediately appealable as a collateral order under Pa.R.Crim.P. 587(B)(6) and Pa.R.A.P. 313.

[2] 18 U.S.C. §§ 2251(b), 2252A(a)(2)(A), 2252A(a)(5)(B), and 2256(8)(B).

to the charges occurred between March 2007 and April 2011. In February 2012, Appellant entered into a plea agreement with the federal prosecutor, pleading guilty to a violation of 18 U.S.C. § 2251(b) (Sexual Exploitation of Children-Production). Pursuant to § 2251(b):

> Any parent, legal guardian, or person having custody or control of a minor who knowingly permits such minor to engage in, or to assist any other person to engage in, sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct shall be punished as provided under subsection (e) of this section, if such parent, legal guardian, or person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

18 U.S.C. § 2251(b).

In May 2012, the Commonwealth filed charges against Appellant in an Information listing 69 counts that involved 13 separate crimes against three victims between November 2006 and April 2011. The charges, listed in the order they appear in the Information, included rape, rape of a child, involuntary deviate sexual intercourse, aggravated indecent assault of a child, statutory sexual assault, aggravated indecent assault, incest, sexual abuse of children, sexual exploitation of children, indecent assault, and

corruption of minors.[3]  The victims were identified as Appellant's daughter K.B., approximately 9 years of age, who suffers from a mental disability; K.M., approximately 9 years of age; and M.B., an individual under the age of 18.  Information, 5/29/12, at 1-11.

Appellant filed a motion to dismiss the Pennsylvania action, claiming the prosecution was barred by his conviction in federal court on one count of sexual exploitation of children.  On December 19, 2013, the trial court denied Appellant's motion.  This timely appeal followed.

The trial court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant failed to comply with the 1925(b) order.  The trial court issued an opinion and order on February 24, 2014 announcing that Appellant's counsel was ineffective *per se*, granting Appellant leave to file a 1925(b) statement *nunc pro tunc*, and directing counsel to file a 1925(b) statement within ten days of the order.  Supplemental Appeal Opinion, 3/7/14, at 1.  Counsel complied with the directive and filed a 1925(b) statement asserting the trial court committed error by denying the motion to dismiss.  In his brief, Appellant phrases his issue as follows:

> Whether, where Appellant pled guilty in Federal Court to Sexual Exploitation of Children, arising from him videotaping [] minor children as he had sex with them, thus manufacturing child pornography, state charges of Rape of a Child and related

---

[3] 18 Pa.C.S.A. §§ 3121(a)(5), 3121(c), 3123(a)(5) and (b), 3125(b), 3122.1, 3125(a)(7), 4302, 6312(b), 6320(a), 3126(a)(7) and (a)(6), and 6301(a)(1)(i).

charges, stemming from the same sex that he had with those minor children on tape, are barred by Double Jeopardy?

Appellant's Brief at 7.

"An appeal grounded in double jeopardy raises a question of constitutional law. This court's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is *de novo*[.]" **Commonwealth v. Kearns**, 70 A.3d 881, 884 (Pa. Super. 2013) (quoting **Commonwealth v. Vargas**, 947 A.2d 777, 780 (Pa. Super. 2008)).

In **Commonwealth v. Calloway**, 675 A.2d 743 (Pa. Super. 1996), this Court explained that we must examine whether the federal action bars state prosecution under 18 Pa.C.S.A. § 111. **Id.** at 747. Section 111 provides, in pertinent part:

> When conduct constitutes an offense within the concurrent jurisdiction of this Commonwealth and of the United States or another state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this Commonwealth under the following circumstances:
>
> (1) The first prosecution resulted in . . . a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is based on the same conduct unless:
>
> (i) the offense of which the defendant was formerly convicted . . . and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil[.]

18 Pa.C.S.A. § 111(1).

In **Calloway**, this Court noted:

> In applying [18 Pa.C.S.A. § 111], the courts of this Commonwealth have consistently held that there are three relevant inquiries to be made. The first inquiry is whether or not the prosecution which the Commonwealth proposes to undertake involves the same conduct for which the individual was prosecuted by the other jurisdiction. If the answer to this question is yes, then we must determine whether *each* prosecution requires proof of a fact not required by the other, *and* whether the law defining the Commonwealth offense is designed to prevent a substantially different harm or evil from the law defining the other jurisdiction's offense. If the Commonwealth cannot satisfy both of these requisites, then the prosecution may not proceed.

**Id.** at 747 (internal citations and footnote omitted, emphasis in original). "It would seem that an affirmative answer to the initial inquiry lowers the bar to the subsequent prosecution and that only an affirmative response to both of the remaining inquiries can lift the bar." **Id.** (quoting **Commonwealth v. Abbott**, 466 A.2d 644, 649 (Pa. Super. 1983)).

Applying the test outlined in **Calloway**, the trial court first considered whether the Commonwealth was attempting to prosecute Appellant for the same conduct that resulted in his federal court conviction. The trial court looked to this Court's definition of "same conduct" as "encompassing all criminal behavior committed in support of a common and continuing scheme." Trial Court Order, 12/19/13, at 2 (quoting **Commonwealth v.**

*Mascaro*, 394 A.2d 998 (Pa. Super. 1978)).[4] The trial court determined "it would appear, at least based on the facts pled in the [I]nformation, that the state and federal prosecutions are 'predicated on the same acts, against the same victim[s], which were performed without interruption by [Appellant] in the same incident.'" *Id.* (quoting *Calloway*, 675 A.2d at 748).[5] The trial court then proceeded to consider the remaining two prongs of the test enunciated in *Calloway*, *i.e.*, whether prosecution requires proof of a fact not required by the other, and whether the law defining the Commonwealth offense is designed to prevent a substantially different harm or evil from the law defining the other jurisdiction's offense.

We note initially that Counts 40, 41 and 67 in the Commonwealth's Information alleged sexual abuse of children, sexual exploitation of children and corruption of minors, respectively, involving M.B., Appellant's biological

---

[4] The language quoted by the trial court actually appears in this Court's decision in *Calloway*, 675 A.2d at 748, which cites *Mascaro*, 394 A.2d at 998 and 1001.

[5] The state Information lists each of the charges of rape, rape of a child, etc., and indicates which of the three minors, two females and one male, was the victim of Appellant's alleged criminal conduct for each of the 69 counts. The affidavit upon which the federal charges were based provides a narrative that identifies three female victims and the offender, Appellant, and describes the videos and photographs taken and disseminated by Appellant in which the physical acts charged in the state Information are depicted. Although the state Information focuses on the physical acts and the federal complaint focuses on the production and dissemination of visual depictions of those physical acts, both prosecutions are, as will be discussed herein, predicated upon the same acts against the female victims, K.B. and K.M.

son. These charges were based on an interview with M.B. conducted on January 20, 2012, subsequent to the May 2011 federal indictment. Affidavit of Probable Cause, 3/22/12 at 14; Complaint, 5/9/12 at 8. The federal prosecution involved crimes against three female victims and did not include any charges related to M.B. Consequently, the state prosecution of those crimes was not predicated on the same acts, *against the same victim,* as any of the federal charges. The state prosecution of charges with respect to M.B. are not barred by double jeopardy.[6]

With respect to victims K.B. and K.M., at first glance, it would not appear that Appellant's "conduct" leading to federal sexual exploitation charges was the same conduct giving rise to state charges such as rape, statutory sexual assault and incest. However, applying the **Calloway** definition of conduct, *i.e.*, encompassing all criminal behavior committed in support of a common and continuing scheme, we conclude, as did the trial court, that both the federal and state charges against Appellant arise from the same conduct. The common and continuing scheme of conduct on the part of Appellant led the U.S. Attorney to charge Appellant with sexual exploitation of victims K.B. and K.M. while the Commonwealth elected to file

---

[6] The only state charges of sexual abuse of children, 18 Pa.C.S.A. § 6312(b), and sexual exploitation of children, 18 Pa.C.S.A. § 6320(a), related to M.B. Therefore, our continuing analysis need not address those offenses. The sole remaining Chapter 63 charges were corruption of minor charges, 18 Pa.C.S.A. § 6301(a)(1)(i), involving all three minors, K.B., K.M. and M.B. Because charges relating to M.B. have already been eliminated from double jeopardy consideration, the only Chapter 63 charges we shall consider are corruption of minor charges involving K.B. and K.M.

charges more directly related to Appellant's physical conduct and contact with those victims.

After establishing that the Commonwealth's proposed prosecution involved the same conduct for which Appellant was federally prosecuted, the trial court proceeded with a two-pronged analysis to determine whether each prosecution requires proof of a fact not required by the other and whether the law defining the Commonwealth offense is designed to prevent a harm or evil substantially different from the law defining the federal offense. The burden of proof for this inquiry falls upon the Commonwealth based on a preponderance of the evidence. *Calloway*, 675 A.2d at 748 (quoting *Abbott*, 466 A.2d at 649).

The trial court examined the federal sexual exploitation of children provision requiring knowledge by the parent or person having custody of a minor that the visual depiction of sexually explicit conduct involving a child would be "transported or transmitted using any means or facility of interstate or foreign commerce" by mail or other means, including by computer. 18 U.S.C. § 2251(b). By contrast, the trial court noted,

> None of the Chapter 31 offenses that [Appellant] has been charged with require proof of facts that the accused is a parent having custody or control of the minor victim who knowingly permits or assists the minor in engaging in sexually explicit conduct for the purpose of producing a visual depiction of such activity if the accused knows that the depiction will be transported using any means of interstate or foreign commerce. Nor do the non-Chapter 31 crimes of Incest [], Sexual Exploitation of Children [] or corruption of minors [].

Trial Court Order, 12/19/13 at 3.

The trial court acknowledged some similarity between Appellant's federal sexual exploitation of children conviction and Pennsylvania's sexual abuse of children offense[7] but distinguished the two based on the fact the federal offense involves "[a]ny parent, legal guardian or person having custody or control of a minor" while the Pennsylvania statute applies to "[a]ny person." Trial Court Order, 12/19/13, at 3 (citing 18 U.S.C. § 2251(b) and 18 Pa.C.S.A. § 6312(b)). However, the only charge of sexual abuse of children in the Pennsylvania prosecution involved M.B. As recognized above, none of the federal charges involved M.B.

Based on its comparison between the federal and state prosecutions, the trial court concluded the Commonwealth established, by a preponderance of the evidence, that the prosecutions required distinct proof of facts. Our review confirms that conclusion. Federal sexual exploitation, by its definition, does not require that the parent or person having custody be engaged in any direct physical contact with his victim. None of the state

---

[7] Under 18 Pa.C.S.A. § 6312(b) (Sexual abuse of children),

> (1) Any person who causes or knowingly permits a child under the age of 18 years to engage in a prohibited sexual act or in the simulation of such act commits an offense if such person knows, has reason to know or intends that such act may be photographed, videotaped, depicted on computer or filmed.

> (2) Any person who knowingly photographs, videotapes, depicts on computer or films a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such an act commits an offense.

crimes charged requires proof that a parent or legal guardian be involved in permitting or assisting a minor to engage in sexually explicit conduct for transmission in interstate or foreign commerce.  Further, the state charges of rape, rape of a child, statutory sexual assault, etc., do require proof of an actual physical act committed by the person charged.  Therefore, each prosecution requires proof of a fact not required by the other, satisfying that prong of the ***Calloway*** test.

The last prong of the ***Calloway*** analysis requires a finding that the federal and state statutes target substantially different harms or evils "as the evil to be deterred is one of the pivotal considerations in the . . . interest analysis."  ***Calloway***, 675 A.2d at 748 (quoting ***Commonwealth v. Wetton***, 591 A.2d 1067, 1072 (Pa. Super. 1991), *aff'd*, 641 A.2d 574 (Pa. 1994)).

> The trial court stated:

> The Chapter 31 crimes [Appellant] has been charged with, by their very nature, prohibit and criminalize everything from sexual assaults to nonconsensual sexual contact, and [the Chapter 43 crime] Incest prohibits sexual contact between members of the same family, regardless of whether the contact is consensual.  The Chapter 63 crimes are designed to protect the safety and welfare of children. Specifically,  . . . Corruption of Minors is aimed at preventing the corruption of the morals of a minor child.

Trial Court Order, 12/19/13, at 4.  We agree.  The evils targeted by the Chapter 31 and Chapter 43 crimes are the actual physical acts of sexual contact with minors, including a family member, while the evils targeted by

the Chapter 63 crimes are, as the trial court recognized, designed to keep minors safe from acts of sexual abuse.[8]  These evils contrast with the evil of a parent or guardian producing and disseminating child pornography around the country and the world, subjecting "the children who are the subjects of pornographic materials to suffer psychological, emotional and mental harm" because "materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation." *Commonwealth v. Davidson*, 938 A.2d 198, 209 (Pa. 2007) (quoting *New York v. Ferber*, 458 U.S. 747, 758-59 (1982)).  The state prosecution relating to crimes against M.B. were not part of the federal prosecution and are not barred by double jeopardy.  Further, because the federal and state statutes target different harms and evils and, as previously established, because the prosecutions of charges involving K.B. and K.M. require proof of facts not required by the other, we agree with the trial court that the Commonwealth has satisfied its burden by a preponderance of the evidence. Therefore, the Commonwealth may proceed with its prosecutions as set forth in the May 29, 2012 Information.

Order affirmed.

---

[8] As indicated in n. 6, the only Chapter 63 charges that remain for our consideration are corruption of minor charges involving K.B. and K.M.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/4/2014</u>