J-S58039-16

2016 PA Super 271

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHANNON LEMOR WILLIAMS | |
| Appellant | No. 1895 MDA 2015 |

Appeal from the Order October 9, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002349-2014

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.*

OPINION BY GANTMAN, P.J.:                **FILED DECEMBER 02, 2016**

Appellant, Shannon Lemor Williams, appeals from the order entered in York County Court of Common Pleas, denying his motion to dismiss the charge of persons not to possess a firearm.[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> The Commonwealth alleges that on March 19, 2014, [Appellant] physically assaulted the victim…and threatened her with a gun.  The Commonwealth has charged [Appellant] with, *inter alia*, person[s] not to possess a firearm, pursuant to 18 Pa.C.S. § 6105(a)(1), stemming from the March 19, 2014 incident, which occurred in York County.  [Appellant] was also indicted in federal court on one count of possession of a firearm by a person

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

---

*Retired Senior Judge assigned to the Superior Court.

previously convicted of crime punishable by imprisonment to a term exceeding one year, pursuant to 18 U.S.C. § 922(g)(1), based on the same incident.  On April 7, 2015, [Appellant] was found not guilty of the federal charge following a jury trial.  On July 13, 2015, [Appellant] filed the instant Motion to Dismiss the § 6105(a)(1) state charge [pursuant to 18 Pa.C.S.A. § 111,] due to his federal acquittal.

(Trial Court Opinion, filed October 9, 2015, at 1-2).  The court denied Appellant's motion to dismiss on October 9, 2015.  Appellant filed a timely notice of appeal on October 27, 2015.[2]  The court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issue on appeal:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING…APPELLANT'S MOTION TO DISMISS DUE TO 18 PA.C.S. [§] 111?

(Appellant's Brief at 4).

Appellant argues the Pennsylvania and federal charges stemmed from the same incident.  Appellant concedes the Pennsylvania and federal statutes in question each require proof of a fact not required by the other.  Appellant contends, however, that the statutes are designed to prevent

---

[2] A defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous motion to dismiss pursuant to 18 Pa.C.S.A. § 111.  **Commonwealth v. Savage**, 566 A.2d 272 (Pa.Super. 1989).  Here, the court found Appellant's motion was not frivolous as it presented a good faith argument requiring statutory analysis.  Therefore, we have jurisdiction over Appellant's interlocutory appeal.  **See id.**

substantially similar harms or evils, *i.e.*, possession of firearms by people who have been convicted of serious crimes. Appellant concludes his acquittal of the federal charge of unlawful acts compelled dismissal of the Commonwealth's charge of persons not to possess a firearm. We disagree.

The issue of whether a criminal charge is barred under 18 Pa.C.S.A. § 111 presents a question of law subject to plenary review. ***Commonwealth v. Calloway***, 675 A.2d 743 (Pa.Super. 1996). Section 111 provides in relevant part:

> **§ 111. When prosecution barred by former prosecution in another jurisdiction**
>
> When conduct constitutes an offense within the concurrent jurisdiction of this Commonwealth and of the United States or another state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this Commonwealth under the following circumstances:
>
> > (1) The first prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is based on the same conduct unless:
> >
> > > (i) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil[.]

18 Pa.C.S.A. § 111(1)(i). The application of Section 111(1)(i) involves a three-step analysis:

> The first inquiry is whether…the prosecution which the Commonwealth proposes to undertake involves the same

- 3 -

conduct for which the individual was prosecuted by the other jurisdiction. If the answer to this question is yes, then we must determine whether **each** prosecution requires proof of a fact not required by the other, **and** whether the law defining the Commonwealth offense is designed to prevent a substantially different harm or evil from the law defining the other jurisdiction's offense. If the Commonwealth cannot satisfy both of these requisites, then the prosecution may not proceed.

*Calloway, supra* at 747. "[W]hen a defendant raises a non-frivolous *prima facie* claim that a prosecution may be barred under 18 Pa.C.S.A. § 111, the prosecution bears a burden to prove by a preponderance of the evidence either that the 'same conduct' is not involved, or that a statutory exception to the statutory bar on reprosecution applies." *Commonwealth v. Wetton*, 591 A.2d 1067, 1070 (Pa.Super. 1991) (emphasis removed).

Section 6105(a)(1) of the Pennsylvania Uniform Firearms Act states:

> **§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**
>
> **(a) Offense defined.—**
>
> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

The federal "unlawful acts" statute provides in relevant part:

> **§ 922. Unlawful acts**

- 4 -

*   *   *

**(g)**   It shall be unlawful for any person—

**(1)**   who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

*   *   *

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

Instantly, the Pennsylvania and federal charges were both based on the same conduct of Appellant.   Therefore, to prosecute Appellant for a violation of Section 6105(a)(1), the Commonwealth had to establish (1) the Pennsylvania and federal charges each require proof of a fact not required by the other; and (2) the law defining each offense is intended to prevent a substantially different harm or evil.  **_See Calloway, supra_**.   The federal "unlawful acts" statute requires proof that the defendant (1) possessed or transported a firearm or ammunition; (2) possessed or transported the firearm or ammunition in a manner that affected interstate/foreign commerce; and (2) has been convicted of **any** crime punishable by imprisonment for a term exceeding one year.  **_See_** 18 U.S.C. § 922(g)(1). By contrast, the Pennsylvania statute requires proof that the defendant (1) possessed, used, controlled, sold, transferred, or manufactured a firearm (or

obtained a license to do any of the foregoing activities); and (2) has been convicted of a specific type of offense listed in Section 6105(b) or 6105(c), or meets one of the miscellaneous conditions set forth in Section 6105(c).[3] *See* 18 Pa.C.S.A. § 6105(a)(1). Thus, each statute requires proof of a fact not required by the other. *See* 18 Pa.C.S.A. § 111(1)(i). Appellant concedes this first element of proof.

With respect to the harms which the statutes are intended to prevent, the trial court reasoned:

> The Pennsylvania Supreme Court addressed the purpose of 18 Pa.C.S. § 6105 in ***Commonwealth v. Gillespie***[, 573 Pa. 100, 105, 821 A.2d 1221, 1224 (2003), *cert. denied*, 540 U.S. 972, 124 S.Ct. 442, 157 L.Ed.2d 320 (2003)], when it stated, "[t]he current version of [Section] 6105 also expanded the class of convictions from "crime[s] of violence" to include certain potentially violent crimes. … The clear purpose of [Section] 6105 is to protect the public from convicted criminals who possess firearms, regardless of whether the previous crimes were actually violent…."
>
> In support of the intent for the federal offense, the Commonwealth cites to section 18 U.S.C. § 922(q) for evidence of what harm the statute was intended to [prevent]. Section 922(q) addresses crime as being a "pervasive, nationwide problem" that is exacerbated at the local level "by the interstate movement of drugs, guns,

_____

[3] Appellant was previously convicted of possession with intent to deliver a controlled substance, which meets the criteria of Section 6105(c)(2). ***See*** 18 Pa.C.S.A. § 6105(c)(2) (applying prohibition on firearm possession to: "A person who has been convicted of an offense under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, that may be punishable by a term of imprisonment exceeding two years").

and criminal gangs." The statute heavily addresses the impact that interstate movement of firearms has on schools around the country. It explicitly states that the "occurrence of violent crime in school zones has resulted in a decline in the quality of education in our country," and that Congress has the power to "ensure the integrity and safety of the Nation's schools by enactment of this subsection." The [c]ourt finds that the federal offense is broader in scope with reference to the intent to control the interstate movement of firearms at a national level, with a special focus on protecting the safety of those around school zones.

The federal statute also discusses the problem of the ease of firearm movement through interstate commerce and the fearful effect it can produce in citizens to travel through certain areas due to violent crime and gun violence. The federal prohibition applies regardless of the type of offense as long as the offense is punishable by a term of imprisonment exceeding one year. The state offense is also concerned with public safety but enumerates particular offenses that are intended to target individuals who have violent or potentially violent prior offenses. While both statutes enshrine the general recognition that guns in the hands of convicted criminals can lead to crime, the state statute is focused principally upon locally denying access to persons who have committed potentially violent offenses as well as actual violent offenses in order to minimize future physical harms to citizens within the Commonwealth of Pennsylvania.

The federal statute focuses more broadly and seeks to prevent much broader national social and economic harms, including the adverse impact upon the nation's educational system and the chilling effect upon interstate commerce. As such, the state and federal laws, while generally seeking to reduce crime, intend to prevent substantially different harms of a different scope.

(Trial Court Opinion at 4-6) (footnotes omitted). We agree with the court's analysis. The Pennsylvania statute and the federal statute each (1) requires proof of a fact the other does not; and (2) targets harms that differ

- 7 -

substantially in scope. Therefore, the court properly denied Appellant's motion to dismiss. *See* 18 Pa.C.S.A. 111(1)(i); **Calloway, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2016